**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-30794
Summary Calendar

BANK OF LOUISIANA,

                                        Plaintiff-Appellant,

versus

AETNA  U.S.  HEALTHCARE, INC.;
AETNA LIFE INSURANCE COMPANY;
AETNA INSURANCE COMPANY OF CONNECTICUT; AETNA,

                                        Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:02-CV-236

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Bank of Louisiana sued various Aetna entities, asserting the state causes

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of action of misrepresentation, detrimental reliance, breach of contract, and breach of fiduciary duty. The claim is for employee healthcare benefits pursuant to an insurance policy. The district court denied the bank's Motion for Summary Judgment and granted defendants' Motion for Judgment on the Stipulated Facts and Uncontested Material Facts.

In its Order and Reasons entered on July 31, 2008, the district court carefully explained that defendants are entitled to summary judgment on the basis, *inter alia*, of the stipulations that were agreed to. For example, the court correctly found that "[t]he Joint Stipulation contains calculations demonstrating that the Bank has been over-reimbursed by $55,401.22." The court also properly declared that "the contract was unambiguous and fully integrated," so "the Bank cannot maintain its detrimental reliance claim." Also, the bank accurately found that there was no negligent misrepresentation, because the alleged misrepresentation, *via* a letter, "occurred after the Bank purchased the extension coverage."

This matter is more than seven years old, has received ample judicial scrutiny, and needs to be brought to a close. Essentially for the reasons scrupulously explained by the district court in its comprehensive opinion, its rulings on the motions for summary judgment are AFFIRMED.